### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE CASABONA | : |
| Plaintiff, | : |
| v. | : NO.: 2:22-CV-1674 |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : |
| Defendant. | : |

### NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Allstate Property & Casualty Insurance Company, by and through its attorneys, LaBletta & Walters LLC, hereby files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County, the jurisdiction which is now pending, to the United States District Court for the Eastern District of Pennsylvania and in support thereof avers as follows:

1. On or about March 15, 2022, this action was commenced by complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania and assigned docket number: March Term 2022, No. 220301606. A true and correct copy of the complaint is attached hereto as Exhibit "A."

2. The complaint was filed by the Plaintiff, Catherine Casabona (the "Plaintiff").

3. The complaint seeks damages for breach of contract (Count I) and bad faith pursuant to 42 Pa.C.S. § 8371 (Count II) against Defendant, Allstate Property & Casualty Insurance Company (the "Defendant").

4. The complaint arises out of the Defendant's denial of the Plaintiff's homeowners insurance claim.

5. Pursuant to 28 U.S.C. § 1441, cases over which federal district courts have original jurisdiction may be remove by the defendants to the federal district courts embracing the place where such action is pending.

6. This Court has original jurisdiction over lawsuits in which: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Both conditions of original jurisdiction are met in this matter.

7. Specifically, at the time this action was commenced and continuing to the present, the Defendant is a corporation incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

8. At the time this action was commenced and continuing to the present, the Plaintiffs are citizens of the Commonwealth of Pennsylvania with their principal domicile at 251 Greenbriar Circle, Tobyhanna, Pennsylvania 18466.

9. As such, the parties to this action are diverse because the Plaintiff and the Defendant are citizens of different states. See 28 U.S.C. § 1332(a)(1).

10. Moreover, the amount in controversy, based on the allegations in the complaint, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost.

11. To determine whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the Court must measure the amount not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. See Werwinski v. Ford Motor Co., 286 F.3d 661, 667 (3d Cir. 2002).

12. Furthermore, a lawsuit "will be remanded only it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount of $75,000." See Samuel-Bassett v. Kia Motors America, Inc. 357 F.3d 392 (3d Cir. 2004); See also Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007)(citing Valley v. State Farm Fire and Cas. Co., 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)("[A] case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000 – a substantially different standard.").

13. In the case at bar, the Plaintiff claims contractual damages in an amount of $80,707.72 approximately. See estimate attached to the complaint.

14. Additionally, the Plaintiff seeks damages for her bad faith claim, which include punitive damages, interest, and attorney's fees. See Ex. "A" at ¶ 16.

15. If the Plaintiff was to prevail on the causes of action asserted in Count I and Count II, she may recover damages that may be in excess of the $75,000 jurisdictional threshold.

16. As a result, the amount in controversy requirements for diversity jurisdiction is satisfied.

17. Finally, this notice of removal is procedurally proper.

18. To properly remove a case from state court to federal court, the removing party must file the notice of removal in federal court within 30 days of service, and file the notice of removal in state court. 28 U.S.C. § 1446(b) and (d). Both conditions are met here.

19. Defendants were served with Plaintiffs' complaint on April 15, 2022.

20. Thus, this Notice is timely, being filed within thirty (30) days of the service of the complaint.

21. Accordingly, the present lawsuit is removable from state court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.A. §1332(a) and 28 U.S.C. §1441(a).

22. The only process, pleading or order that has been received by the Defendant is the complaint that, as noted above, is attached hereto as Exhibit "A."

**WHEREFORE,** Defendant, Allstate Property & Casualty Insurance Company, respectfully requests the above captioned matter now pending against it in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

**LABLETTA & WALTERS LLC**

By: */s/ Mark J. Walters*
**MARK J. WALTERS, ESQUIRE**
Signature Code: MJW4420
Attorney I.D. No. 89265
Attorney for Defendant, Allstate Property & Casualty Insurance Company
12 Christopher Way, Suite 200
Eatontown, NJ 07724
Phone: 732-387-1010
Fax: 732-387-1015
mwalters@lablettawalters.com

Dated: April 29, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE CASABONA | : |
| Plaintiff, | : |
| v. | : NO.: 2:22-CV-1674 |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : |
| Defendant. | : |

## AFFIDAVIT

MARK J. WALTERS, ESQUIRE, being sworn according to law, deposes and says that he is the counsel for Defendant, Allstate Property & Casualty Insurance Company, in the within matter; and that he has read the foregoing Notice of Removal and believes it to be true and correct, to the best of his knowledge, information and belief.

**LABLETTA & WALTERS LLC**

By: */s/ Mark J. Walters*
**MARK J. WALTERS, ESQUIRE**
Signature Code: MJW4420
Attorney I.D. No. 89265
Attorney for Defendant, Allstate Property & Casualty Insurance Company
12 Christopher Way, Suite 200
Eatontown, NJ 07724
Phone: 732-387-1010
Fax: 732-387-1015
mwalters@deletetawalters.com

Dated: April 29, 2022

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE CASABONA | : |
| Plaintiff, | : |
| v. | : NO.: 2:22-CV-1674 |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : |
| Defendant. | : |

## **PROOF OF FILING**

I, MARK J. WALTERS, ESQUIRE, hereby certify that a copy of the foregoing Notice for Removal has been filed with the Prothonotary of the Court of Common Pleas of Philadelphia County on April 29, 2022.

**LABLETTA & WALTERS LLC**

By: */s/ Mark J. Walters*
**MARK J. WALTERS, ESQUIRE**
Signature Code: MJW4420
Attorney I.D. No. 89265
Attorney for Defendant, Allstate Property & Casualty Insurance Company
12 Christopher Way, Suite 200
Eatontown, NJ 07724
Phone: 732-387-1010
Fax: 732-387-1015
mwalters@lablettawalters.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE CASABONA | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : NO.: 2:22-CV-1674 |
| | : |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | : |
| | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, MARK J. WALTERS, ESQUIRE, hereby certify that a copy of the attached Notice of Removal has been served upon the following individual by first class, United States mail, postage pre-paid, this 29th day of April 2022.

Nicholas Foppiano, Esquire
Wheeler DiUlio & Barnabei
One Penn Center, Suite 1270
1617 JFK Blvd
Philadelphia, PA  19103

**LABLETTA & WALTERS LLC**

By: */s/ Mark J. Walters*
**MARK J. WALTERS, ESQUIRE**
Signature Code: MJW4420
Attorney I.D. No. 89265
Attorney for Defendant, Allstate Indemnity Company
12 Christopher Way, Suite 200
Eatontown, NJ 07724
Phone: 732-387-1010
Fax: 732-387-1015
mwalters@lablettawalters.com